UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PACIFIC VALLEY BANK,<br><br>    Plaintiff,<br><br>v.<br><br>JOSEPH S. SERVI, et al.,<br><br>    Defendants. | Case No.   5:22-cv-03500-EJD<br><br>**ORDER GRANTING MOTION TO REMAND; DENYING MOTION FOR SANCTIONS**<br><br>Re: Dkt. Nos. 12, 13 |

Plaintiff Pacific Valley Bank ("PVB") initiated this suit in the Superior Court of California, County of Monterey, asserting claims against Defendants Joseph S. Servi ("Servi") and Pinnacle Bank for misappropriation of trade secrets, breach of contract, intentional interference with contractual relations, intentional interference with prospective economic relations, violation of California Business & Professions Code section 17200, and trade libel. Dkt. No. 1-1. Servi removed the action pursuant to 28 U.S.C. §§ 1331 and 1441(a). PVB moves to remand the action and for sanctions. Dkt. Nos. 12, 13.

Federal question jurisdiction requires that a federal issue appear on the face of the well-pleaded complaint. *Taylor v. Anderson*, 234 U.S. 74, 75–76, 34 S.Ct. 724, 58 L.Ed. 1218 (1914); *Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826, 830, 122 S.Ct. 1889, 153 L.Ed.2d 13 (2002). The removing party bears the burden of showing that removal is proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Here, PVB's complaint pleads only state law causes of action; there are no references to any federal statute. The only basis Servi advances for federal question jurisdiction is that PVB asserts a claim under the Defend Trade Secrets Act, 18 U.S.C. § 1836. This is false; the complaint

Case No.: 5:22-cv-03500-EJD
ORDER GRANTING MOTION TO REMAND; DENYING MOTION FOR SANCTIONS
1

does not refer to any federal statute.[1]

Servi next contends that PVB "artfully pleaded" to avoid federal jurisdiction. Under the "artful pleading" doctrine, a court may recharacterize a plaintiff's claims as federal if "the particular conduct complained of [is] governed exclusively by federal law." *Hunter v. United Van Lines*, 746 F.2d 635, 640 (9th Cir. 1984), cert. denied, 474 U.S. 863, 106 S.Ct. 180, 88 L.Ed.2d 150 (1985). Here, the particular conduct complained of, misappropriation of trade secrets, is not governed exclusively by federal law.

Lastly, Servi contends that PVB waived its right to seek remand by filing an amended complaint. This is incorrect. It is well established that parties cannot waive subject matter jurisdiction. *Augustine v. U.S.*, 704 F.2d 1074, 1077 (9th Cir. 1983).

Accordingly, PVB's motion to remand is GRANTED. The motion for sanctions is DENIED.

**IT IS SO ORDERED.**

Dated: September 30, 2022

EDWARD J. DAVILA
United States District Judge

---

[1] Servi suggests that removal is proper because PVB's pre-suit demand letter referred to the Defend Trade Secrets Act. The argument is frivolous.